**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Armando GOMEZ–RAMIREZ, also
known as Armando Gomez–Rhea,
Defendant–Appellant.**

No. 03–40233.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2003.

Mitchel Neurock, Laredo, TX, James Lee Turner, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

---

**412**

Roland E Dahlin, II, Federal Public Defender, Rudy Xavier Rodriguez, Molly E Odom, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM.*

Armando Gomez–Ramirez appeals his conviction of attempting to reenter the United States without authorization following deportation after conviction of an aggravated felony. He argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Gomez–Ramirez's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule that decision. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, the district court did not err in sentencing Gomez–Ramirez under 8 U.S.C. § 1326(b).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.